# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

Federal Building Courthouse; 300 Quarropas Street; White Plains, NY 10601-4150

| | |
|---|---|
| John and Kimberly Vidurek<br>Plaintiff(s)<br><br>- Against -<br><br>John Koskinen, Et al<br>Defendants | Jurisdiction: Article III<br>Court of Record[1]<br><br>Magistrate: _____<br>Case no. 17-CV-7971 (CM)<br><br>**RESPONSE TO ORDER TO PAY** |

Plaintiffs in response to Chief Judge Colleen McMahon's "ORDER" on October 18, 2017 to pay $400.00 in fees (see attached order 2 pages), to exercise plaintiffs' unalienable right to court access[2] under the rules of common law protected by Amendment VII and right of trial Amendment VI; in obedience to the "ORDER" and to move forward thereby please find enclosed a money order in the amount of $400.

Dated:     November 6, 2017

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/8/17

John & Kimberly Vidurek, in Pro Per

---

[1] "A Court of Record is a judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it, and proceeding according to the course of common law, its acts and proceedings being enrolled for a perpetual memorial". Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689.

[2] The U.S. Supreme Court has ruled that a natural man or woman is entitled to relief for free access to its judicial tribunals and public offices in every State in the Union (2 Black 620, see also Crandell v. Nevada, 6 Wall 35). Plaintiff should not be charged fees, or costs for the lawful and constitutional right to petition this court in this matter in which he is entitled to relief, as it appears that the filing fee rule was originally implemented for fictions and subjects of the State and should not be applied to the Plaintiff who is a natural individual and entitled to relief (Hale v. Henkel)( 201 U.S. 43)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN VIDUREK; KIMBERLY VIDUREK,<br><br>Plaintiffs,<br><br>-against-<br><br>IRS; JOHN KOSKINEN, COMMISSIONER, IRS; BRENDA DIAL (ASSUMED ROBO-SIGNER); JOHN/JANE DOE TAX EXAMINER MS 4388, ID NO. 1000099691; J. MELENDEZ ID NO. 0708622; MARYELLEN BENECKE, REVENUE AGENT; LINDA PIACK, REVENUE AGENT, IRS; JEANETTE WILLET, GROUP MANAGER, IRS; DANIEL H. SCHULMAN, PRES., CEO, PAYPAL HOLDINGS, INC.; GUY CHIARELLO, PRES., FIRST DATA MERCHANT SERV. CORP; MARY MADDEN, PRES., CEO, HUDSON VALLEY CREDIT UNION; MICHAEL J. QUINN, PRES, CEO, RHINEBECK SAVINGS BANK; JACK DORSEY, PRES, CEO, SQUARE, INC. ,<br><br>Defendants. | 17-CV-7971 (CM)<br><br>ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiffs bring this action *pro se*.[1] To proceed with a civil action in this Court, a plaintiff must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

---

[1] Plaintiffs previously filed an action against the IRS, Rhinebeck Savings Bank, and others, arising from attempts to collect federal income taxes from them. *See Vidurek v. IRS*, No. 17-CV-7971 (VB) (S.D.N.Y. Feb. 27, 2014); *see also Vidurek v. Koskinen*, No. 15-CV-2188 (LAP) (S.D.N.Y. May 11, 2015); *Vidurek v. Krajick*, No. 15-CV-2175 (LAP) (S.D.N.Y. Sept. 4, 2015).

Plaintiffs submitted the complaint without the filing fees or an IFP application. Although Plaintiffs styled their application as a *habeas* petition under 28 U.S.C. § 2241, they do not challenge unlawful confinement or the execution of a sentence, and the Court therefore construes the application as a general civil action. *See Thompson v. Choinski*, 525 F.3d 205, 209-10 (2d Cir. 2006) (holding that it was error to dismiss claim that could be brought in federal court, "even if the legal source of the claim was misidentified"). Within thirty days of the date of this order, Plaintiffs must either pay the $400.00 in fees or submit the attached IFP application. If Plaintiffs submit the IFP application, it should be labeled with docket number 17-CV- 7971 (CM). If the Court grants the IFP application, Plaintiffs will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiffs, and note service on the docket. No summons shall issue at this time. If Plaintiffs fail to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: October 18, 2017
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge